1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11

UNITED STATES OF AMERICA,

No.  2:19-CR-00034-MCE

12

Plaintiff,

13

v.

**ORDER**

14

GREGORY R. LANDS,

15

Defendant.

16

17

Defendant Gregory R. Lands ("Defendant") pled guilty to Possession with Intent to Distribute at Least 50 Grams of Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and being a Felon in Possession of  Firearm in violation of 18 U.S.C. § 922(g)(1).  He was sentenced on August 1, 2019, to a prison term of sixty-five (65) months.  Presently before the Court is Defendant's Motion to Vacate and/or Reduce Sentence.  ECF No. 47.  The Government opposes Defendant's request.  ECF No. 53.  For the reasons that follow, his Motion is DENIED.

18
19
20
21
22
23

Defendant contends that "extraordinary and compelling circumstances" exist such that his sentence should be reduced immediately to time served.  More specifically, according to Defendant, "the COVID-19 pandemic combined with [Defendant's] serious underlying health conditions—including hypertension, heart disease, chronic kidney disease, and sleep apnea—make him especially vulnerable to serious illness or death

24
25
26
27
28

1

should he contract COVID-19." ECF No. 47 at 1. Even if Defendant's medical issues are sufficient to justify compassionate release, however, Defendant's release would be inappropriate.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010) (alterations in original; quoting 18 U.S.C. § 3582(b)). Those circumstances are delineated in 18 U.S.C. § 3582(c). "Effective December 21, 2018, the First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to permit an inmate, who satisfies certain statutorily mandated administrative procedures, to file a motion with the district court for compassionate release." Riley v. United States, 2020 WL 1819838, at *5 (W.D. Wash. Apr. 10, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). That statute now provides:

> **(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

"Thus, the First Step Act amended § 3852(c)(1)(A) to allow prisoners to directly

2

1    petition a district court for compassionate release, removing the BOP's prior exclusive

2    gatekeeper role for such motions." Riley, 2020 WL 1819838, at *5. "The statute now

3    provides the court with authority to reduce a sentence upon the motion of a defendant if

4    three conditions are met:  (1) the inmate has either exhausted his or her administrative

5    appeal rights of BOP's failure to bring such a motion on the inmate's behalf or has

6    waited until 30 days after the applicable warden has received such a request; (2) the

7    inmate has established 'extraordinary and compelling reasons' for the requested

8    sentence reduction; and (3) the reduction is consistent with the Sentencing

9    Commission's policy statement." Id. (footnote omitted).

10         The starting point for the policy statement referenced in the third prong is United

11   States Sentencing Guidelines ("USSG") § 1B1.13, which provides:

12              [T]the court may reduce a term of imprisonment (and may
                impose a term of supervised release with or without conditions
13              that does not exceed the unserved portion of the original term
                of imprisonment) if, after considering the factors set forth in 18
14              U.S.C. § 3553(a), to the extent that they are applicable, the
                court determines that--
15
                (1)(A) Extraordinary and compelling reasons warrant the
16              reduction; or

17              (B) The defendant (i) is at least 70 years old; and (ii) has
                served at least 30 years in prison pursuant to a sentence
18              imposed under 18 U.S.C. § 3559(c) for the offense or offenses
                for which the defendant is imprisoned;
19
                (2) The defendant is not a danger to the safety of any other
20              person or to the community, as provided in 18 U.S.C. §
                3142(g); and
21
                (3) The reduction is consistent with this policy statement.
22
           Since Defendant is less than 70 years old and was not sentenced pursuant to 18
23
     U.S.C. § 3559(c), he is only "entitled to relief if he demonstrates that (1) extraordinary
24
     and compelling reasons warrant a sentence reduction, (2) he is not a danger to the
25
     safety of others or the community, and (3) any requested reduction is consistent with the
26
     policy statement." Riley, 2020 WL 1819838, at *6.
27
           "The Sentencing Commission's application notes to this policy statement provide
28

                                              3

1    further guidance."  Id.  Indeed, the notes explain that "extraordinary and compelling

2    reasons" exist when:

3              (A) Medical Condition of the Defendant.

4                   . . . .

5              (ii) The defendant is—

6                        (I) suffering from a serious physical or medical
                         condition,
7

8                        (II) suffering from a serious functional or
                         cognitive impairment, or

9                        (III) experiencing deteriorating physical or mental
                         health because of the aging process,
10

11                       that substantially diminishes the ability of the
                         defendant to provide self-care within the
                         environment of a correctional facility and from
12                       which he or she is not expected to recover.

13   U.S.S.G. § 1B1.13 cmt. n.1 (emphasis added).

14           Here, Defendant contends he suffers from serious physical or medical conditions

15   that make him particularly vulnerable to COVID-19 such that he qualifies for release.

16   The burden is on Defendant.  United States v. Holden, 2020 WL 1673440, at *3 (D. Or.

17   Apr. 6, 2020).  He has not met that burden here.

18           After considering all of the circumstances of this case, including the factors under

19   18 U.S.C. § 3553(a), the Court agrees with the Government that, even assuming

20   Defendant's medical conditions are sufficient to qualify him for consideration for release,

21   which this Court does not decide, such release would be inappropriate both under §

22   3553(a) and because Defendant remains a danger to the community.

23           As the Government explains:

24                   Lands has a lengthy criminal history . . . which include: vehicle
                     theft, possession of controlled substance, theft, transport/sell
25                   narcotic controlled substance, and driving on a suspended
                     license.  PSR ¶¶ 37-45.  At the time of the instant offense,
26                   Lands had pending state charges for failure to appear in
                     Orange County and welfare fraud, grand theft, and perjury in
27                   Sacramento County.  PSR ¶¶ 50-51. . . . Indeed, not only is
                     defendant a continued danger to the community, but his
28                   general disregard for the law and the community's well-being

1
2

is dangerous to the community's health when controlling the deadly COVID-19 pandemic is contingent upon compliance with public health guidelines.

3
4

ECF No. 53 at 14.  Given the foregoing, Defendant has not demonstrated he is no longer a danger to the community.

5
6

Nor do the § 3553(a) factors support release.  Defendant has not served even half of his sentence, a sentence that was sufficient but not greater than necessary at the time it was imposed and that remains so now.  Having found that Defendant is a danger to the community and having considered all of the factors set forth in § 3553(a), the Court thus concludes that release would be inappropriate.  Defendant's Motion to Vacate and/or Reduce Sentence (ECF No. 47) is DENIED.

7
8
9
10
11

IT IS SO ORDERED.

12
13

Dated:  January 7, 2021

14
15
16
17

_____

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

18
19
20
21
22
23
24
25
26
27
28

5